Kevin M. Zietz, Esq. (SBN 186244)
E-mail: kevin@zietzlaw.com
LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 650
Encino, California 91436
Tel: (818) 981-9200
Fax: (818) 981-9201

Todd Krauss, Esq. (SBN 187991)
E-mail: todd@tkrausslaw.com
LAW OFFICES OF TODD KRAUSS & ASSOCIATES
16055 Ventura Boulevard, Suite 650
Encino, California 91436
Tel: (818) 981-1007
Fax: (818) 322-3901

Attorneys for Plaintiff,
KAREN GORDON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN GORDON<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY; THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; SHISEIDO AMERICAS INC. LONG TERM DISABILITY PLAN; and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No. :<br><br>**COMPLAINT FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>**[29 U.S.C. §1132(a)(1)]** |

Plaintiff, KAREN GORDON (hereinafter referred to as "Plaintiff"), complains of Defendants AETNA LIFE INSURANCE COMPANY (hereinafter referred to as "Aetna"), THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter referred to as "Hartford") and SHISEIDO AMERICAS INC. LONG TERM DISABILITY PLAN, (hereinafter referred to as "The Plan"),

- 1 -

as follows:

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about July 7, 2021, at which time she was informed by Aetna that the decision to terminate her Long-Term Disability (LTD) benefits as of May 5, 2020 was being upheld, and that she now has the right to bring a civil action pursuant to section 502(a) of ERISA.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that The Plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, Shiseido Americas Inc., to provide its employees with group long-term disability insurance to pay a portion of a covered employee's income during a period of disability.

6. The Plan can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7. Plaintiff was an individual citizen and was a resident of the State of California, San Mateo County, residing within the Northern District of the State of California at the time his claim arose.

**COMPLAINT FOR DAMAGES UNDER ERISA**

8. On information and belief, Aetna issued a policy that fully ensures The Plan and therefore is contractually obligated to pay benefits on claims covered and approved.

9. On information and belief, Hartford purchased Aetna's book of business for group long-term disability plans sometime in 2017 and therefore is responsible to review, maintain and pay any and all claims for long-term disability benefits under all purchased plans from that time forward.

## FACTUAL BACKGROUND

10. At all times relevant hereto, Plaintiff, currently age 53, was employed as a manager of Bare Minerals, a beauty supply store, and was and is a participant and beneficiary of The Plan at all times mentioned herein.

11. Plaintiff's occupation required that she lift boxes of products, lift and/or pull up to fifty (50) pounds, stand for eight (8) hours, prepare merchandise displays, replenish items throughout the store, keep the store clean throughout the day, and manage employees, schedules, overall cash flow of the store and more.

12. Plaintiff went out of work on November 17, 2017, following a major car accident that caused her to experience low back pain, sciatica, lumbar myofascial pain, lumbar spinal stenosis and other issues contributing to her disability.

13. The policy insuring The Plan states that the "Test of Disability" is as follows:

"From the date that you first become disabled and until Monthly Benefits are payable for 24 months, you will be deemed to be disabled on any day if:

You are not able to perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and

Your earnings are 80% or less of your adjusted predisability earnings.

After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to

- 3 -
**COMPLAINT FOR DAMAGES UNDER ERISA**

work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition."

14. Plaintiff was diagnosed with degenerative disc disease, lumbar myofascial pain, lumbar spinal stenosis with claudication, low back pain, sciatica and other comorbid contributing conditions.

15. Plaintiff has been under the constant care of doctors who prescribed numerous medications, physical therapy, acupuncture, and nerve root injections, all to no avail. On November 30, 2017, Dr. Yung Chen submitted an Attending Provider Statement (APS) which stated that Plaintiff was not able to work for two weeks and listed the following restriction and limitations: no prolonged heavy standing, sitting, walking, bending, twisting, lifting, pushing, or pulling. Plaintiff submitted additional attending physician statements containing the same restrictions dated December 1, 2017, March 30, 2018, and June 1, 2018.

16. On January 2, 2018, plaintiff underwent multiple MRI scans. A thoracic MRI was normal, while a lumber MRI revealed grade 1 retrolisthesis, severe bilateral facet arthropathy and mild bilateral neural foramina. The cervical MRI revealed reversal of normal lordotic with anterial impression of the thecal sac at C4-C5, and disc bulges at C5-C6, C6-C7 with an acute herniation at C5-C6.

17. On June 21, 2019, Dr. Chen prepared another APS which noted that Plaintiff continued to experience constant stiffness with radiculopathy bilaterally in her upper and lower extremities. Dr. Chen noted that Plaintiff was unable to work and could not sit, stand or walk intermittently. He opined that Plaintiff should never bend at the waist, kneel or crouch, lift, climb or drive, and that her condition has been unchanged with an unknown return to work date.

18. Plaintiff's claim for LTD benefits was approved by Hartford for the period between May 13, 2018 and May 4, 2020.

19. Plaintiff's claim was denied by Hartford in a letter dated May 4, 2020, following a Peer Review completed by a doctor board-certified in family medicine

**COMPLAINT FOR DAMAGES UNDER ERISA**

1  and preventive aerospace and occupational medicine. The peer review physician
2  concluded that it was unclear from the medical records why Plaintiff has the
3  restrictions and limitations noted by her doctor.  The peer review physician for
4  Hartford opined that although claimant has objective findings in the thoracic and
5  lumbar regions, she can lift up to 20 pounds, along with frequent standing, walking,
6  reaching and occasional sitting bending and twisting.

7  20. Plaintiff submitted a timely written appeal dated March 23, 2021,
8  which included an award letter from Social Security dated January 17, 2021,
9  indicating that she was determined to be disabled under their rules as of March 5,
10 2019, with benefits being payable as of September 2019.

11 21. In addition, Plaintiff submitted a report from board-certified
12 orthopedic surgeon Michael Hollander, M.D., who personally examined her. Dr.
13 Hollander's examination revealed that flexion and extension in Plaintiff's cervical
14 spine was limited along with rotation. Lateral flexion elicited pain and contractions
15 and tenderness at mid cervical segments associated with spasms in paraspinous
16 muscles was noted. Dr. Hollander also noted that hyporeflexia was present at
17 biceps, triceps, brachial radials and hypesthesia was present at dorsum of the right
18 thumb and first webspace.

19 22. Dr. Hollander took x-rays of the cervical and lumbar spine.  The
20 cervical x-rays revealed advanced intervertebral disc space with endplate sclerosis,
21 incongruity and prominent osteophytes. Anterolishesis was present at C2-C3 and
22 C3-C4, and kyphosis was noted to be present. Lumbar x-rays showed
23 anterolisthesis and marked narrowing at the L5-S1 intervertebal disc space.
24 Additionally, arthropathy was noted to be present particularly in the lower lumbar
25 segments characterized by joint space narrowing, incongruity and subchrondral
26 sclerosis.

27 23. Dr. Hollander opined that Plaintiff is permanently disabled and unable
28 to perform the tasks of her job because she is not able to constantly replenish the

**COMPLAINT FOR DAMAGES UNDER ERISA**

store; she is not able to lift, push/pull up to 50 pounds; 1-15 pounds is realistic; she is not able to stand for eight hours and not likely to able to stand for more than an hour; she is not able to perform prolonged sitting or bending and/or stooping.

24. On April 27, 2021, Hartford provided two peer review reports to Plaintiff for response. The report prepared by Dr. Mahr offered no restriction and/or limitations, and merely stated there was no objective evidence to support the restriction and limitations set forth by Dr. Hollander. The report prepared by Dr. Kohan referred to a doctor in his summary and conclusion that Plaintiff has never seen. Dr. Kohan claimed Plaintiff's diagnosis was unclear and although he agreed Plaintiff's care was appropriate and reasonable, he opined that the records do not objectively support restriction and limitations that would support Plaintiff's claimed disability.

25. On May 13, 2021, Plaintiff submitted a supplemental report by Dr. Hollander, which was in response to the peer review reports provided by Hartford. Dr. Hollander noted that both reviewing physicians made clinical assumptions based upon Plaintiff's subjective complaints, and they misrepresented his personally observed clinical findings on exam. Dr. Hollander was adamant that his clinical findings are in fact objective, and he reaffirmed the restrictions and limitations set forth in his initial report.

26. Hartford upheld the decision to deny Plaintiff her long-term disability benefits in a letter dated July 15, 2021. In doing so, Hartford relied upon a peer review physician board-certified in Osteopathic and Rehabilitation/Pain Management. This peer review physician concluded that the Plaintiff could stand and walk up to 60 minutes at a time for a total of 5 hours a day; sit up to 60 minutes for a total of 6 hours a day; push, pull lift and carry up to 20 pounds occasionally and 10 pounds frequently; occasionally bend, stoop and twist along with other restriction and limitations; and indicated that Plaintiff should be re-evaluated in six months.

**COMPLAINT FOR DAMAGES UNDER ERISA**

27. Hartford also relied upon peer review physician board-certified in orthopedic surgery who concluded that there are no objective findings to support continued restriction and limitations from May 5, 2020 onward. This peer review physician also concluded that Dr. Hollander's opinions were not reasonable, claiming there was no objective support for his conclusions. However, the doctor did conclude that her treatment was appropriate and reasonable.

28. Hartford's final decision was to uphold the original determination that Plaintiff was not disabled beyond May 5, 2020.

## COUNT ONE

**For Damages and Benefits Against Defendants**

**THE AETNA INSURANCE COMPANY OF AETNA LIFE INSURANCE COMPANY, THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and SHISEIDO AMERICAS INC LONG TERM DISABILITY PLAN**

**(Pursuant to 29 U.S.C. Section 1132(a)(1))**

29. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

30. The LTD policy insuring The Plan has an effective date of August 1, 2014, and had renewed every year since on January 1.

31. Based upon information and belief, The Summary Plan Description (SPD) and/or other plan documents do not contain an express grant of discretionary authority.

32. If the plan documents do contain a grant of discretionary authority, *California Insurance Code* § 10110.6 will render any such provision null and void and the Court will apply a de novo standard of review.

33. Plaintiff's claim is for non-vested employee welfare benefits, so the controlling plan is the one that existed at the time her ERISA cause of action accrued (which is when LTD benefits were finally denied on July 15, 2021).

- 7 -
**COMPLAINT FOR DAMAGES UNDER ERISA**

34. The weight of the medical evidence in the administrative record supports a determination that Plaintiff has limitations and restrictions that prevent her from being able to perform the material and substantial duties of her own occupation.

35. If the court utilizes an abuse of discretion standard, Plaintiff alleges that Aetna and/or Hartford have a structural conflict of interest because they were/are the claims administrator and the funding source for claims paid pursuant to the LTD policy that insures The Plan.

36. If the court utilizes an abuse of discretion standard, Aetna and/or Hartford's claims decision was illogical, implausible, and/or without support in inferences that may be drawn from the facts in the record.

37. As a direct and proximate result of Aetna and/or Hartford's wrongful denial of LTD benefits, Plaintiff contends that defendants have breached the contract by not paying benefits, payable at the rate of $4,469.92 a month, minus appropriate offsets, from May 5, 2020 to the present and continuing.

38. As a further direct and proximate result of the denial of benefits, and due to Aetna and/or Hartford's failure to pay benefits, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her under the terms of The Plan. Accordingly, Plaintiff will be entitled to reasonable attorneys' fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

### **Count One**

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $4,469.92 per month, minus appropriate offsets, from May 5, 2020 to the present and continuing;

2. Interest on said amounts in accordance with law;

**COMPLAINT FOR DAMAGES UNDER ERISA**

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For an order stating that LTD benefits are to continue as long as Plaintiff provides medical and/or vocational evidence supporting disability.;

5. For any further relief that the court deems reasonable and just.

DATED: September 14, 2021          Respectfully submitted,

                                   TODD KRAUSS, APC



                                   By: ___/s/ TODD KRAUSS_____
                                       TODD KRAUSS
                                       Attorney for Plaintiff
                                       KAREN GORDON

- 9 -

**COMPLAINT FOR DAMAGES UNDER ERISA**